[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11409
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:08-cr-00413-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE DAVIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2012)

Before EDMONDSON, HULL and BLACK, Circuit Judges.

PER CURIAM:

Lonnie Davis, Jr., appeals his convictions for possession with intent to

distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and

(b)(1)(B)(iii), for which he was sentenced to 240 months' imprisonment.  No reversible error has been shown; we affirm.

Davis's convictions arose from two traffic stops where Davis was driving a car that contained crack cocaine.  In both instances, Davis had a passenger in the car; the car did not belong to Davis; and the drugs were discovered either in the car's center console or behind the glove compartment.

At trial, Davis requested jury instructions about constructive possession and mere presence.  The district court denied the request, concluding that the standard jury instructions covered the requested language.  On appeal, Davis argues that the district court abused its discretion in denying the requested jury instructions.

"We review a district court's refusal to give a requested jury instruction for abuse of discretion."  United States v. Martinelli, 454 F.3d 1300, 1309 (11th Cir. 2006).  The refusal to give a requested jury instruction constitutes reversible error if "(1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue . . . that was so important that failure to give it seriously impaired the defendant's ability to defend himself."  Id.

Because Davis's requested instructions on constructive possession and mere presence were covered substantially by other instructions given to the jury, we see

2

no reversible error. As part of its instructions, the district court explained that "[a] person who is not in actual possession, who has both the power and the intention to later take control over something . . . is in constructive possession of it." This instruction encompasses Davis's requested instruction that, "[f]or constructive possession to exist, the Government must show that the Defendant has knowledge of the thing possessed, coupled with the ability to maintain control over it or reduce it to his physical possession." Having the intent to take control over an object presumes that the defendant has knowledge of the object, and having the power to take control over an object is synonymous with having "the ability to maintain control over it or reduce it to his physical possession."

In addition, the district court instructed the jury that the government had to prove beyond a reasonable doubt that Davis "knowingly and willfully possessed" the drugs and "possessed the substance with the intent to distribute it." The court defined the term "knowingly" to mean "that the act was done voluntarily and intentionally and not because of mistake or accident," and defined the term "willfully" to mean "that the act was committed voluntarily and purposely with the specific intent to do something the law forbids." "Having received these instructions, 'the jury could not have attributed possession to [Davis] through his mere presence alone, because mere presence would not establish voluntary [and]

3

intentional possession.'" See United States v. Woodard, 531 F.3d 1352, 1365 (11th Cir. 2008). Thus, Davis's requested instruction that "mere presence near contraband or awareness of its location is insufficient to establish possession" was covered substantially by the court's other instructions.

AFFIRMED.